**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **James Edward Walls,** | ) | **CASE NO. 1:05 CV 202** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Samuel Tambi, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Hemann (Doc. 13) which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, James Edward Walls**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after a jury trial in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and the Magistrate Judge issued her Report and Recommendation recommending that the Petition for

1

Writ of Habeas Corpus be dismissed.  Petitioner has filed Objections to the Report and Recommendation.[1]

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that after objections are filed,

> The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge of the court may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

The Magistrate Judge determined that the petition is barred by the statute of limitations.  For the following reasons, this Court agrees.

Petitioner was found guilty by a jury of aggravated murder and aggravated robbery.  He was sentenced by the trial court in August 1981.  (Doc. 11 Ex. 4).  Petitioner directly appealed his conviction and sentence.  The state court of appeals affirmed by decision of July 8, 1982. *Ohio v. Walls,* 1982 WL 2467 (Ohio 8th App. Dist. July 8, 1982).  Petitioner did not appeal this decision to the Ohio Supreme Court.  Petitioner took no other action until 1991, when he filed his first motion for post-conviction relief in the trial court. The trial court dismissed the motion and petitioner did not appeal.  A second request for post-conviction relief was filed in the trial court in 1998.  That motion was denied and affirmed on appeal in 2000.  The Ohio Supreme

---

[1] Petitioner filed a pleading entitled, "Habeas Corpus in Rebuttal to the Magistrate Judge Patricia Hemann Report and Recommendation to Dismissed Petition" and "Motion to Amended Prior Illegible Supplemental Pleading Pursuant to Rule 15(b)(c)(2)(d)."  The Court has treated this pleading as objections to the Report and Recommendation.

Court declined jurisdiction by order of October 25, 2000. The pending Petition for Writ of Habeas Corpus was filed February 4, 2005.

The AEDPA, which places a one-year statute of limitations on petitions for writ of habeas corpus, took effect on April 24, 1996. Judgments entered before this effective date enjoy a one-year "grace period." *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005) (citing *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir.2000) ). Petitioner had, therefore, until April 24, 1997 to file his petition. Petitioner, however, did not file any pleading in the state court until 1998, when he filed a post-conviction petition. He did not file the current Petition for Writ of Habeas Corpus until February 4, 2005. It is, thus, clearly time-barred.

The Magistrate Judge further concluded that petitioner demonstrated no competent evidence supporting the existence of a state-created impediment existing between April 24, 1996 and April 25, 1997 which prevented him from filing a petition for writ of habeas corpus so as to equitably toll the statutory period. Again, this Court agrees.

The AEDPA provides that the one-year limitations period does not run when there exists an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" and the petitioner actually "was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). "Not only must the state impede the petitioner in some fashion, but also that obstruction must cause the untimely filing of the petition." *Colwell v. Tanner*, 79 Fed.Appx. 89, 93 (6th Cir. 2003) (citations omitted).

Petitioner does not show that he filed anything during the one-year grace period from April 24, 1996 until April 25, 1997. Petitioner's post-conviction petition filed in 1998 was past the 1997 deadline. Petitioner's assertions of state-created impediments occurring thereafter are

3

unavailing because the statutory period had expired well before these events occurred.

For the foregoing reasons, petitioner's Petition for Writ of Habeas Corpus is time-barred.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at

4

484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, the Petition for Writ of Habeas Corpus is time-barred and this Court finds no basis upon which to issue a certificate of appealablity.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 11/14/05